| Prob22<br>(Rev 3/98) | | DOCKET NUMBER (Tran. Court)<br>2:90CR20280-05 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court)<br>04-99-TP-Graham |

| NAME AND ADDRESS OF PROBATIONER/<br>SUPERVISED RELEASEE<br><br>Steven Ross<br>2140 Northwest 93 Terrace<br>Miami, FL 33147 | DISTRICT<br>Western District of<br>Tennessee | DIVISION<br>Probation Office |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br>Honorable Odell Horton | |
| | DATES OF PROBATION/ SUPERVISED<br>RELEASE: | FROM<br>July 17, 2004 | TO<br>July 16, 2009 |

**OFFENSE**

Possession With Intent to Distribute a Schedule II Controlled Substance (Cocaine); Aiding and Abetting in the same. 21 U.S.C. § 841 (a) (1) and 18 U.S.C. §2

Possession With Intent to Distribute a Schedule II Controlled Substance (Cocaine Base); Aiding and Abetting in the same. 21 U.S.C. § 841 (a) (1) and 18 U.S.C. §2

---

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF Western District of Tennessee (Memphis)

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

Sept 7, 2004
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF Southern District of Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

September 23 2004
_____
Date

_____
United States District Judge

| Prob22 (Rev 3/98) | | DOCKET NUMBER (Tran. Court) 2:90CR20280-05 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER/ SUPERVISED RELEASEE | DISTRICT Western District of Tennessee | DIVISION Probation Office |
|---|---|---|
| Steven Ross 2140 Northwest 93 Terrace Miami, FL 33147 | NAME OF SENTENCING JUDGE Honorable Odell Horton | |
| | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM July 17, 2004 | TO July 16, 2009 |

**OFFENSE**

Possession With Intent to Distribute a Schedule II Controlled Substance (Cocaine); Aiding and Abetting in the same. 21 U.S.C. § 841 (a) (1) and 18 U.S.C. §2

Possession With Intent to Distribute a Schedule II Controlled Substance (Cocaine Base); Aiding and Abetting in the same. 21 U.S.C. § 841 (a) (1) and 18 U.S.C. §2

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF Western District of Tennessee (Memphis)

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

Sept. 7, 2004
_____
Date

Jon P. McCalla
_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF Southern District of Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

September 23, 2004
_____
Date

_____
United States District Judge

This document entered on the docket sheet In compliance with Rule 55 and/or 32(b) FRCrP on 10-14-04

95

SUPERSEDING INDICTMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | SUPERSEDING INDICTMENT |
| vs. | * | No.  90-20280-H |
| ERIC PARKER, a/k/a "E", | * | 31 U.S.C. 5324, |
| JAMES WHITE, | * | 31 U.S.C. 5313, |
| a/k/a "Snakeman", | * | 26 U.S.C. 7203, |
| MARVIN McGUIRE, | * | 26 U.S.C. 6050I |
| ELBERT PAYNE, | * | 21 U.S.C. 846 |
| STEVEN ROSS, | * | 21 U.S.C. 841(a)(1), |
| a/k/a "Woody", | * | 18 U.S.C. 1956, |
| HAROLD BEAME, | * | 18 U.S.C. 924(c) |
| RONALD JONES, | * | 18 U.S.C. 371 |
| REGINALD CHANDLER, | * | 18 U.S.C. 2 |
| SHEILA EDWARDS, | * | |
| CAROL HUNT, | * | |
| FREDERICK BELL, | * | |
| JAMES COLEMAN, | * | |
| STEPHEN SMITH, and | * | |
| LARRY WARHURST | * | |
| Defendants. | * | |

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK
BY: _____ DEPUTY CLERK

I N D I C T M E N T

THE GRAND JURY CHARGES:

COUNT 1

From on or about January 1, 1990 through October 31, 1990, the exact dates being unknown to the Grand Jury, in the Western District of Tennessee and elsewhere, the defendants,

ERIC PARKER, a/k/a "E"
JAMES WHITE, a/k/a "Snakeman"
MARVIN McGUIRE
ELBERT PAYNE
STEVEN ROSS, a/k/a "Woody"
RONALD JONES, and
HAROLD BEAME

did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together, and with Tavin Chandler and other persons, unknown to the Grand Jury, to commit the following offenses against the United States:

1.   To unlawfully, knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.   To unlawfully, knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECT OF THE CONSPIRACY

This conspiracy consisted of an agreement between and among the co-conspirators allowing for each member thereof to perform certain functions designed when each conspirator performed his or her part to cause cocaine to be transported into the State of Tennessee from outside the State of Tennessee, and to cause this cocaine to be further distributed to wholesale and retail sellers of cocaine.

It was the object of this conspiracy for Eric Parker to develop and operate a cocaine distribution network which ultimately transported in excess of 220 kilograms of cocaine from Miami, Florida to the Memphis, Tennessee area.  Steven Ross, James White, Marvin McGuire, Tavin Chandler, Elbert Payne, Harold Beame, Ronald Jones and others unknown to the Grand Jury participated in the cocaine network by transporting cocaine to the Memphis area and distributing cocaine in the Memphis area.

2

It was a further object of the conspiracy for James White and Marvin McGuire to drive trucks, which contained the cocaine, from Miami to Memphis.

It was a further object of the conspiracy for Steven Ross to take control of the cocaine once it reached Memphis, to distribute cocaine with Eric Parker, and collect proceeds from cocaine sales for Eric Parker.

It was a further object of the conspiracy for Tavin Chandler, Elbert Payne, Harold Beame and Ronald Jones to purchase large quantities of cocaine from Eric Parker in order to distribute to other unknown individuals.

It was a further object of the conspiracy for Eric Parker, James White, a/k/a "Snakeman", Marvin McGuire, Tavin Chandler, Elbert Payne, Steven Ross, a/k/a "Woody", Harold Beame, and Ronald Jones to benefit financially from the sale and distribution of cocaine in the Memphis area.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT 2</u>

On or about October 9, 1990, in the Western District of Tennessee, the defendants,

STEVEN ROSS a/k/a "Woody",<br>
JAMES WHITE a/k/a "Snakeman", and

being aided and abetted each by the other, and by Eric Parker, did unlawfully, knowingly and intentionally possess with intent to distribute approximately seven kilograms of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section

3

841(a)(1), and Title 18 United States Code, Section 2.

### COUNT 3

On or about October 9, 1990, in the Western District of Tennessee, the defendants,

ERIC PARKER
STEVEN ROSS a/k/a "Woody", and
ELBERT PAYNE

being aided and abetted each by the other, did unlawfully, knowingly and intentionally possess with intent to distribute approximately two kilograms of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18 United States Code, Section 2.

### COUNT 4

On or about October 9, 1990, in the Western District of Tennessee, the defendant,

STEVEN ROSS, a/k/a "Snakeman"

did unlawfully, knowingly and intentionally possess with the intent to distribute approximately 175 grams of cocaine, a controlled substance as classified by Title 21, United States Code, Section 812 as a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT 5

On or about October 9, 1990, in the Western District of Tennessee, the defendant,

STEVEN ROSS, a/k/a "Snakeman"

4

did unlawfully, knowingly and intentionally possess with the intent to distribute approximately 19 grams of cocaine base, a controlled substance as classified by Title 21, United States Code, Section 812 as a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT 6

On or about October 9, 1990, in the Western District of Tennessee, the defendant,

STEVEN ROSS, a/k/a "Snakeman"

during and in relation to a drug trafficking crime, that is possession with intent to distribute a controlled substance, did knowingly and intentionally carry and use a firearm, in violation of Title 18, United States Code, Section 924(c).

### COUNT 7

On or about October 9, 1990, in the Western District of Tennessee, the defendant,

RONALD JONES

did unlawfully, knowingly and intentionally possess with intent to distribute approximately one kilogram of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18 United States Code, Section 2.

### COUNT 8

On or about October 9, 1990, in the Western District of Tennessee, the defendant,

5

### JAMES WHITE

did unlawfully, knowingly and intentionally possess with intent to distribute approximately eleven grams of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18 United States Code, Section 2.

### COUNT 9

On or about July 18, 1990 and continuing thereafter until on or about July 20, 1990, the exact dates being unknown to the Grand Jury, in the Western District of Tennessee, the defendants,

> REGINALD CHANDLER
> FREDERICK BELL
> SHEILA EDWARDS
> CAROL HUNT
> JAMES COLEMAN
> STEPHEN SMITH, and
> LARRY WARHURST

did unlawfully, knowingly and wilfully combine, conspire, confederate, and agree together, and with Anthony Davis, Tavin Chandler and other persons known and unknown to the Grand Jury, to commit the following offenses against the United States:

1.   To knowingly conduct and cause to be conducted financial transactions, to wit, the purchase of cashier's checks with currency of the United States from various financial institutions, knowing that such financial transactions involved the proceeds of specified unlawful activities, that is the knowing and intentional distribution of cocaine, a Schedule II controlled substance, and the defendants did so knowing that the transactions were designed to conceal and disguise the source, ownership and control of the

6

proceeds of the specified unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2.   To knowingly conduct and cause to be conducted financial transactions, to wit, the purchase of cashier's checks with currency of the United States from various financial institutions, knowing that such financial transactions involved the proceeds of specified unlawful activities, that is the knowing and intentional distribution of cocaine, a Schedule II controlled substance, and the defendants did so knowing that the transactions were designed to avoid the transaction reporting requirements of Title 31 U.S.C., Section 5313(a), Title 26 U.S.C., Section 6050I, and regulations promulgated thereunder, in violation of Title 18 U.S.C., Section 1956(a)(1)(B)(ii).

3.   To knowingly and wilfully structure and assist in structuring financial transactions with one or more domestic financial institutions in violation of Title 31 U.S.C., Section 5324(3).

4.   To knowingly and wilfully fail to file Report of Cash Payments Over $10,000 (Form 8300) as required by Title 26 U.S.C., Section 6050I, in violation of Title 26 U.S.C., Section 7203.

### OBJECT OF THE CONSPIRACY

It was the object of this conspiracy for the defendant, Reginald Chandler, and Anthony Davis and Tavin Chandler to launder cash and to conceal the true nature and source of the cash which had been obtained through the sale of cocaine. In order to accomplish the objective of this conspiracy the defendant, Reginald

7

Chandler, and Anthony Davis and Tavin Chandler purchased three 1990 Corvette automobiles with cash at Gwatney Chevrolet, Inc.

It was the further object of this conspiracy to avoid the reporting requirements of Title 31, U.S.C. Section 5313, and Title 26, U.S.C. Section 6050I, which would have revealed the source of the cash, which was obtained through the sale of cocaine.  In order to accomplish this objective, the defendants Reginald Chandler, Sheila Edwards, Carol Hunt, Frederick Bell, James Coleman and Stephen Smith as well as Tavin Chandler and Anthony Davis, structured financial transactions by purchasing cashier's checks in amounts less than $10,000, in order to give the appearance that the purchase of the three 1990 Corvettes were accomplished by cashier's checks rather than cash.

It was a further object of this conspiracy for Larry Warhurst, Sales Manager for Gwatney Chevrolet, Inc., Stephen Smith and James Coleman who were salesmen for Gwatney Chevrolet, Inc., to avoid filing a Report of Cash Payment Over $10,000 (Form 8300), as required by Title 26, U.S.C. Section 6050I and thereby to sell three 1990 Corvette automobiles without revealing the source of the currency involved or the fact that the automobiles were purchased with cash.

It was a further object of this conspiracy for Larry Warhurst, Sales Manager for Gwatney Chevrolet, Inc., to direct Stephen Smith and James Coleman to accompany Reginald Chandler and Anthony Davis to banks in order to exchange currency in amounts less than $10,000 for cashier's checks in order to avoid the filing of a Report of

8

Cash Payment Over $10,000 (Form 8300), as required by Title 26, U.S.C. Section 6050I.

### OVERT ACTS

1.   From July 18, 1990 through July 20, 1990, the exact dates being unknown to the Grand Jury, Tavin Chandler, Reginald Chandler, and Anthony Davis purchased three 1990 Corvette automobiles from Gwatney Chevrolet, Inc., an automobile dealership in Memphis, Tennessee.

2.   On July 18, 1990, Tavin Chandler, Reginald Chandler, and Anthony Davis provided approximately $106,200 in cash to carry out the purchase of the three 1990 Corvette automobiles.

3.   On July 19, 1990, Tavin Chandler went to a branch of National Bank of Commerce, in Memphis, Tennessee, and purchased cashier's check #742953 in the amount of $9,000 with $9,000 in cash.

4.   On July 19, 1990, Tavin Chandler went to another branch of National Bank of Commerce, in Memphis, Tennessee, and purchased cashier's check #740192 in the amount of $9,000 with $9,000 in cash.

5.  On July 19, 1990, Frederick Bell purchased cashier's check #1517975 in the amount of $8,850 with $8,850 in cash from a branch of First Tennessee Bank, Memphis, Tennessee.

6.   On July 19, 1990, Sheila Edwards purchased cashier's check #1517976 in the amount of $9,000 with $9,000 in cash from a branch of First Tennessee Bank, Memphis, Tennessee.

7.   On July 19, 1990, Carol Hunt purchased cashier's check

9

#1514307 in the amount of $9,000 with $9,000 in cash, from a branch of First Tennessee Bank, Memphis, Tennessee.

8.   On July 19, 1990, Larry Warhurst instructed James Coleman and Stephen Smith to accompany Reginald Chandler and Anthony Davis to various financial institutions for the conversion of currency of the United States into cashier's checks.

9.   On July 19, 1990, James Coleman purchased cashier's check #017376 in the amount of $8,850 with $8,850 in cash from a branch of Boatman's Bank, Memphis, Tennessee.

10.   On July 19, 1990, James Coleman purchased cashier's check # 668023 in the amount of $8,850 with $8,850 in cash from a branch of Leader Federal Bank, Memphis, Tennessee.

11.   On July 19, 1990, James Coleman attempted to purchase a cashier's check of approximately $9,000 with cash at a branch of Union Planters National Bank, Memphis, Tennessee.

12.   On July 19, 1990, Stephen Smith assisted an unknown individual who purchased cashier's check #668024 in the amount of $9,000 with $9,000 in cash from a branch of Leader Federal Bank, Memphis, Tennessee.

13.   On July 19, 1990, Stephen Smith purchased cashier's check #374362 in the amount of $9,000 with $9,000 in cash from a branch of Union Planters National Bank, Memphis, Tennessee.

14.   On July 19, 1990, $25,650 in cash and the nine cashier's checks all numbered above, totalling $106,200, were given to Larry Warhurst for the purchase of the three 1990 Corvette automobiles.

All in violation of Title 18, United States Code, Section 371.

## COUNT 10

On or about July 19, 1990, in the Western District of Tennessee, the defendants,

REGINALD CHANDLER
FREDERICK BELL
SHEILA EDWARDS
CAROL HUNT
JAMES COLEMAN
STEPHEN SMITH, and
LARRY WARHURST

being aided and abetted each by the other, and by Tavin Chandler and Anthony Davis, did knowingly and wilfully conduct financial transactions affecting interstate commerce, to wit, the purchase of cashier's checks with currency of the United States, knowing that the currency was proceeds of a specified unlawful activity, that is, the unlawful distribution of cocaine, a Schedule II controlled substance, in order to conceal the source, ownership and control of said currency in violation of Title 18 U.S.C., Section 1956(a)(1)(B)(i), and Title 18 U.S.C., Section 2.

## COUNT 11

On or about July 19, 1990, in the Western District of Tennessee, the defendants,

REGINALD CHANDLER
FREDERICK BELL
SHEILA EDWARDS
CAROL HUNT
JAMES COLEMAN
STEPHEN SMITH, and
LARRY WARHURST

being aided and abetted each by the other, and by Tavin Chandler and Anthony Davis, did knowingly and wilfully conduct financial transactions affecting interstate commerce, to wit, the purchase

11

of cashier's checks with currency of the United States, knowing that the currency was proceeds of a specified unlawful activity, that is, the unlawful distribution of cocaine, a Schedule II controlled substance, with intent to avoid the transaction reporting requirements under Federal law, to wit, the filing of Currency Transaction Reports (Form 4789), and Report of Cash Payments Over $10,000 (Form 8300), in violation of Title 18 U.S.C., Section 1956(a)(1)(B)(ii), and 18 U.S.C., Section 2.

### COUNT 12

On or about July 19, 1990, in the Western District of Tennessee, the defendants,

REGINALD CHANDLER
FREDERICK BELL
SHEILA EDWARDS
CAROL HUNT
JAMES COLEMAN
STEPHEN SMITH, and
LARRY WARHURST

being aided and abetted each by the other and by Tavin Chandler and Anthony Davis, did knowingly and wilfully structure and assist in structuring financial transactions with one or more domestic financial institutions for the purpose of evading reporting requirements of Title 31 U.S.C., Section 5313(a), and the regulations promulgated thereunder, in violation of Title 31 U.S.C., Section 5324(3), and 18 U.S.C., 2.

### COUNT 13

On or about July 19, 1990, in the Western District of Tennessee, the defendant,

LARRY WARHURST

12

while being engaged in a trade and business, that is the sale of automobiles, and in the course of said trade and business received in excess of $10,000 in cash, in one transaction and two or more related transactions, did knowingly and wilfully fail to file with the Department of Treasury a Report of Cash Payments Over $10,000 (Form 8300) as required by Title 26, U.S.C. 6050I, and the regulations promulgated thereunder, in violation of Title 26, U.S.C. Section 7203.

A TRUE BILL:

_____
F O R E M A N

DATED: _March 8, 1991_

_____
W. HICKMAN EWING
UNITED STATES ATTORNEY

13

AO 245 S (Rev. 1/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**WESTERN**   District of   **TENNESSEE**

FILED
FEB 20 1992
CLERK U. S. DIST. COURT
WESTERN DIST. OF TENN.

UNITED STATES OF AMERICA

V.

**STEVEN ROSS aka "Woody"**

(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:   **90-20280-05-H**

**James O. Marty, Attorney at Law**

Defendant's Attorney

THE DEFENDANT:   **Steven Ross**

☐ pleaded guilty to count(s) _____.

☒ was found guilty on count(s)  __1, 2, 4 and 5_____  after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) 18:2 | Poss w/int to distrib a Schedule II controlled substance (cocaine); aiding and abetting in same. | 1-1-90 | 2 |
| 21:841(a)(1) 18:2 | Poss w/int to distrib a Schedule II controlled substance (cocaine base); aiding and abetting in same. | 10-9-90 | 2 |

This document entered on docket sheet in compliance with Rule 55 and / or
32(b) FRCrP on __FEB 2 0 1992__.

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is
imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
and is discharged as to such count(s).

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $ __200.00__, for count(s)
__1, 2, 4 and 5__, which shall be due ☒ immediately   ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within
30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special
assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   __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__

Defendant's Date of Birth: _____

Defendant's Mailing Address:

__[In Custody]__

_____

Defendant's Residence Address:

__[same]__

_____

__February 7, 1992__
Date of Imposition of Sentence

_____
Signature of Judicial Officer

**Odell Horton, Chief Judge**

Name & Title of Judicial Officer

__2/20/92__
Date

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK

BY: _____
DEPUTY CLERK

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:  **ROSS, STEVEN**                    Judgment—Page ___2___ of _3___
Case Number:  **90-20280-05-H**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ___One hundred and eighty-eight months each count to run concurrently.___                .

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
    ☐ at _____ a.m. / p.m. on _____.
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
         Deputy Marshal

Defendant: **ROSS, STEVEN**  
Case Number: **90-20280-05-H**

Judgment—Page **3** of **3**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Five (5) years**

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☐ The defendant shall not possess a firearm or destructive device.

Approved By: _____  
Assistant United States Attorney

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition,

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION



UNITED STATES OF AMERICA

VS.                                    CASE NO.  90-20280-H

STEVEN ROSS aka "Woody"

-----------------------------------------------------------------

## ORDER ON JURY VERDICT

-----------------------------------------------------------------

        This cause came on for trial on September 23, 1991, the United
States Attorney for this District representing the government, and
the defendant appearing in person and with counsel, James O. Marty,
retained by the defendant.

        After listening to all of the evidence, arguments of counsel,
and charge of the Court, the jury began its deliberations on
October 17, 1991.  After due deliberation, the jury returned into
open court on October 22, 1991, and announced its verdict of
GUILTY as to Counts 1, 2, 4 and 5 and NOT GUILTY as to Count 6.
The jury announced  that it could not reach a verdict as to Count
3.

        IT IS HEREBY ORDERED that a mistrial is declared as to Count
3 and that upon the jury verdict of Not Guilty as to Count 6 it is
hereby dismissed.

This document entered on docket sheet in compliance with Rule 55 and/or
32(b) FRCrP on _____ .



This case is to be set for disposition at a later date upon completion of the presentence report.

Entered this _____18th_____ day of _____November_____, 1991.


_Julia Smith Gibbons_
JULIA SMITH GIBBONS
U.S. District Court Judge


APPROVED: _____
Assistant United States Attorney

| CRIMINAL DOCKET · U.S. District Court | | | U.S. | | | | | | Docket No. | Def |
|---|---|---|---|---|---|---|---|---|---|---|

**3 /R6)**

PO ☐  **0651 02 5106**  Drap./Sentence   ☐ WRIT  ☐ JUVENILE  ☐ ALIAS   VS.   ROSS, Steven, aka "Woody"   (LAST, FIRST, MIDDLE)

Misd. ☐   Mo. **12** Day **10** Yr. **90**   Docket No. **90-20280-05**

Felony ☒   District   Off   Judge/Magistr.   OFFENSE ON INDEX CARD ▶   **poss w/int to distr cocaine**   No. of 14 Def's **U.S. MAG. CASE NO. ▶**

**I. CHARGES**

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM NG |
|---|---|---|---|
| 21:846 | Conspiracy [poss w/int to distribute and did distribute a Schedule II controlled substance (cocaine), in viol of 21:841(a)(1)]. [Ct. 1] | 1 | |
| 21:841(a)(1) 18:2 | Possession with the intent to distribute a Schedule II controlled substance (cocaine); aiding and abetting in same. [Ct. 2] | 1 | |

*coa # 92-5413*

**CLOSED - TRIED**

SUPERSEDING COUNTS

**II. KEY DATE**

| INTERVAL ONE | | END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL) | | | END INTERVAL TWO |
|---|---|---|---|---|---|
| ☐ KEY DATE ☐ arrest ☐ sum'ns ☐ custody ☐ appears-on complaint | KEY DATE **12-10-90** | ☒ Indictment filed/unsealed ☐ convent to Magr. trial on complaint ☐ Information ☐ Felony-W-waiver | KEY DATE **4-10-91** **8-20-91** | a) ☐ 1st appears on pending charge /R40 b) ☐ Receive file R20/21 c) ☐ Supedg ☒ Indt ☐ Inf d) ☐ Order New trial e) ☐ Remand f) ☐ G/P Withdrawn | ☐ Dismissal ☐ Pled ☐ guilty ☐ Nolo KEY DATE **10-22-91** ☒ Trial (voir dire) beg ☒ Jury ☐ N.J. After M After M |
| EARLIEST OF | APPLICABLE | | | | APPLICABLE |

| 1st appear with or waives counsel **4-10-91** | ARRAIGNMENT **4-10-91** | 1st Trial Ended **10-22-91** | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE **10-22-91** | SENTENCE DATE **2-7-92** | ☐ P/O ☐ Nolle ☐ Pros. | FINAL CHARGES DISMISSED ☐ on ST. ☐ grounds ☐ W.P. ☐ WOP on mot on ju |
|---|---|---|---|---|---|---|---|---|

**III. MAGISTRATE**

| | DATE | INITIAL/NO. | | | INITIAL/NO. | OUTCOME |
|---|---|---|---|---|---|---|
| Search Warrant ☐ Issued ☐ Return | | | INITIAL APPEARANCE DATE ▶ | | | ☐ DISMISSED HELD FOR GJ OR OTHER PRO-CEEDING IN THIS DISTRICT |
| Summons ☐ Issued ☐ Served | | | PRELIMINARY EXAMINATION ☐ Date Scheduled ▶ OR ☐ REMOVAL HEARING ☐ Date Held ▶ | | | HELD FOR GJ OR OTHER PRO-CEEDING IN DISTRICT BELOW |
| Arrest Warrant Issued | | | ☐ WAIVED ☐ NOT WAIVED | Tape Number | | |
| COMPLAINT ▶ | | | ☐ INTERVENING INDICTMENT | | | |
| Date of Arrest | OFFENSE (In Complaint) | | | | | |

**IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.**

Parker (1); White (2); Chandler, T. (3); Payne (4); Beame (6); Jones (7); Chandler, R. (8); Edwards (9); Hunt (10); Bell (11); Coleman (12); Smith (13) & Warhurst (14)

W. Hickman Ewing, USA   [John Fowlkes, AUSA]

| RULE | | | | | : | |
|---|---|---|---|---|---|---|
| | 20 | 21 | 40 | In | | |

Defense: 1 ☐ CJA.   2 ☒ Ret.   3 ☐ Waived.   4 ☐ Self.   5 ☐ Non / Other.   6 ☐ PD.   7 ☐ CD

**DEFENDANT'S ADDRESS:**

IN CUSTODY

**DEFENDANT'S COUNSEL:**

Mr. James O. Marty
Attorney at Law
212 Adams Avenue
Memphis, TN: 38103
901/526-6707

S.S. # *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*

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK

BY: *Judy Cassly*
DEPUTY CLERK

**BAIL ● RELEASE**

PRE - INDICTMENT

Release Date
☐ Bail ☐ Denied   ☐ Fugitiv ☐ Pers. R
AMOUNT SET   ☐ PSA
$   Conditions
Date Set   ☐ 10% De: ☐ Surety E
☐ Bail Not Made   ☐ Collater
Date Bond Made   ☐ 3rd Prt ☐ Other

POST – INDICTMENT

Release Date
☐ Bail ☐ Denied   ☐ Fugitiv ☐ Pers. R
AMOUNT SET   ☐ PSA
$   Conditions
Date Set   ☐ 10% De ☐ Surety E
☐ Bail Not Made   ☐ Collater
Date Bond Made   ☐ 3rd Prt ☐ Other

| FINE AND RESTITUTION PAYMENTS | | | **[X]** Docket Entries Begin On Reverse Side | | | APPEALS FEE PAYMENTS |
|---|---|---|---|---|---|---|
| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER | |

| DATE | | Yr. | Docket No. | Def. | | MASTER DOCKET - MULTIPLE DEFENDANT CASE | PAGE 1 OF | VI EXCLUDABLE DELAY | | |
|------|--|-----|-----------|------|--|------------------------------------------|-----------|---------------------|--|--|
| DOCUMENT NO. | | 90- | 20280-05- | H | X | PROCEEDINGS DOCKET FOR SINGLE DEFENDANT | | Start Date End Date | Ltr Code | Total Days |

(OPTIONAL) Show last names of defendants.
Ross      V. PROCEEDINGS

| 12-10-90 | (1) | INDICTMENT |
|----------|-----|------------|
| 12-10-90 | | NO WARR ISSD |
| 12-11-90 | (3) | ORDER UNSEALING INDICTMENT  CHJ, USA, USM, PROB & PT |
| 12-14-90 | | ISS WARR [NO BOND - PENDING DETENTION HEARING] & HANDED MARSHAL Cy to USA |
| ******* | | |
| 3-20-91 | (26) | SUPERSEDING INDICTMENT (as to this deft adding Counts 3,4,5 &6) |
| 3-20-91 | | ISS WARR (NO BOND - PENDING DETENTION HEARING) & HANDED MARSHAL    Cy to USA |

| 3-27-91 | | *Note:  Co-deft (Chandler) filed motion for severance       [2] | 3-27-91 | R |
| 4-2-91 | | *Note:  Co-deft (Smith) filed motion for severance          [2] | 4-2-91 | R |
| 4-8-91 | (29) | MOTION TO REQUIRE PRODUCTION OF ALLEGED CONTROLLED SUBSTANCE FOR INSPECTION AND SCIENTIFIC TESTING       [2] | 4-8-91 | E |
| | | | 10-22-91 | | 148 |

| 4-8-91 | (30) | MOTION FOR AN ORDER COMPELLING USA AND ALL GOVT AGENTS [STATE OR FEDERAL] TO PRESERVE ALL NOTES |
| 4-8-91 | (31) | MOTION OF DEFT FOR PRE-TRIAL PRODUCTION OF JENCKS ACT STMTS |
| 4-8-91 | (32) | MOTION TO REQUIRE PRODUCTION OF COMPLETE RECORDS AND INFORMA- TION AS TO PRIOR MISCONDUCT AND CONVICTIONS OF THE DEFT AS WELL AS ALL GOVT WITNESSES AND INFORMANTS |
| 4-8-91 | (33) | MOTION FOR NOTICE OF GOVT'S INTENTION TO USE EVIDENCE |
| 4-8-91 | (34) | MOTION FOR PRODUCITON OF EXCULPATORY EVIDENCE |
| 4-8-91 | (35) | MOTION FOR EVIDENTIARY HEARING AND TO REQUIRE DISCLOSURE OF INTENTION TO INTRODUCE PROOF OF "LIKE AND SIMILAR CONDUCT" AND/OR PROOF OF PRIOR CONVICTIONS OR SPECIFIC INSTANCES OF CON- DUCT |
| 4-8-91 | (36) | MOTION TO REQUIRE DISCLOSURE OF IDENTITIES OF INFORMANTS AND FOR PRODUCTION OF "GIGLIO" MATERIAL |
| 4-8-91 | (37) | MOTION FOR EXTENSION OF TIME TO FILE ADDITIONAL MOTIONS |
| 4-10-91 | | MINUTES:  INITIAL APPEARANCE:  No one present for govt; Marty for deft.  The court set hearing on detention for 3:00 p.m., April 11, 1991. |
| 4-10-91 | (40) | ORDER ON ARRAIGNMENT [ 4-10-91; NOT GUILTY, deft being held w/out bond pursuant to BRA of 1983, is remanded to the custody of the USM] CHJ, USA, USM, PROB, PT, CLERK, ANN & mailed Marty |
| 4-12-91 | (41) | ORDER ON ARRAIGNMENT [ 4-11-91 [SUPERSEDING INDICT], NOT GUILTY, deft being held w/out bond pursuant to BRA of 1984, is remanded to the USM] CHJ, USA, USM, PROB, PT, CLERK, ANN & mailed Marty |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET        *U. S. vs*

ROSS, Steven

page 2

AO 256A ⊛

| Yr. | Docket No. | De |

| DATE | PROCEEDINGS (continued) |
|------|------------------------|

V. EXCLUDABLE DELAY
(a) | (b) | (c) | (d

(Document No.)

| 4-21-91 | ORDER OF DETENTION PENDING TRIAL   CHJ, USA, USM, PROB, PT & Mailed Marty |

| 4-11-91 | MINUTES:  DETENTION HEARING:  Fowlkes for govt; Marty for deft.  Also superseding indict.  Curt in GA had ordered Ross detained.  Deft has gone over pre-trial report and disagrees w/an allegation in pretrial services report in GA.  Prosecution requests that deft be detained.  Deft requests a bond.  Judge ordered that deft be detained. |

| 4-11-91 | REC'D THE FOLLOWING DOCUMENTS FROM M/DIST OF GA (PER RULE 20) and distributed as indicated: * CHJ, USA, PROB, JUDGE ALLEN & PT:

  * Rule 20 – Transfer Notice
  * Criminal Complaint – exec. 12-14-90
  * Indictment
  * Superseding Indictment
  * Plea
  * Cy of Docket Sheet
  * Order of Detention Pending Trial
  * Govt's Motion For A Detention Hearing |

| 4-23-91 | 52B MOTION TO SUPPRESS |  [2]  4-23-91  E |

| 4-23-91 | 52C MOTION FOR PRE-TRIAL HEARING TO DETERMINE PRELIMINARY QUESTION OF ADMISSIBILITY OF ALLEGED INDICTED CO-CON- SPIRATORS' STATEMENTS |

| APR 2 5 1991 | HEARING SET for Thurs , 5-16-91 at 36 C.m. on Motion to Suppress, etc |

| MAY 1 1991 | TRIAL SET for mon , 6-24-91 at 130m. REPORT DATE SET mon , 6-10-91 at 10:30 m. |

| 5-16-91 | *Note:  Co-deft (McGuire) filed motions (motion for severance/motion to adopt other motions for suppression of evidence) |  [2]  5-16-91  R   10-22-91 |

| JUL 8 1991 | HEARING SET for Tues , 7-23-91 at 30 C.m. on Motion To Suppress |

Interval
(per Section II)

Start Date

Ltr. | T

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 6-10-91 | **MINUTES: REPORT DATE:** Fowlkes for govt; All defense counsel present. Jury selection set Monday, Sept. 9, 1991, at 10:30 a.m. Trial to begin Monday, Sept. 16, 1991 at 10:30 a.m. Glen Reid opposed continuance. Ronald Jones (deft) not present. | | | | |
| 6-25-91 | 57 AMENDED MOTION TO SUPPRESS | [2] | 6-25-91 10-22-91 | E | |
| 6-25-91 | 58 MEMORANDUM IN SUPPORT OF AMENDED MOTION TO SUPPRESS | | | | |
| JUL 9 1991 | TRIAL SET for _mon, 9-16-91_ at _10 a_ | | | | |
| 7-16-91 | **MINUTES: CONFERENCE IN OPEN COURT:** Fowlkes for govt; Marty for deft. Marty made motion for continuance of motion to suppress set on 7-23-91 to Thursday, Jly 25, 1991, at 3:30 p.m. Fowlkes to sever out deft Stephen Ross. Trial now set on Sept. 16, 1991. | | | | |
| 7-17-91 | *Note: Co-deft (Chandler) filed motion and brief | [2] | 7-17-91 | R | |
| 7-19-91 | 59-A MOTION TO COMPEL THE ATTENDANCE OF MATERIAL WITNESS | [2] | 8-2-91 7-19-91 | E | 17 |
| 7-19-91 | **MINUTES: MOTION TO COMPEL THE ATTENDANCE OF A MATERIAL WITNESS:** Fowlkes for govt; Marty for deft. Govt stated that witness will appear at the Motion to Suppress. | | | | |
| JUL 23 1991 | HEARING SET for _Thurs, 7-25-91_ at _3:30 a_ on _Motion To Suppress_ | | | | |
| 7-23-91 | 60 GOVT'S RESPONSE TO DEFT''S MOTION TO SUPPRESS EVIDENCE | | | | |
| 7-26-91 | **MINUTES: EVIDENTIARY HEARING - MOTION TO SUPPRESS:** Fowlkes for govt; Marty for deft. Govt called seven witnesses. Hearing continued to Monday, July 29, 1991, at 4:00 p.m. | | | | |
| 7-29-91 | **MINUTES: EVIDENTIARY HEARING - MOTION TO SUPPRESS:** Fowlkes for govt; Marty/Schreiner for deft. Defense called one witness. Govt called one witness. Closing arguments. Court made oral ruling and denied motion. | | | | |
| 8-1-91 | *Note: Co-deft (Beame) filed motion to w/draw as atty | [2] | 8-1-91 | R | |
| 8-6-91 | 62 NOTICE OF APPEAL (motion to suppress) CHJ, USA, USM, PROB, PT & COURT REPORTER | | | | |
| | | Interval (per Section III) | Start Date End Date | Ltr. Code | Total Days |

**PAGE 4**

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET   *U. S. vs*

ROSS, Steven, aka "Woody"

AO 256A ●

9~~0~~-20280-05-H

| Yr. | Docket No. | Def. |
|---|---|---|

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 9-20-91 | ⑥③ MOTION TO SUPPRESS STATEMENT | [2] | 9-20-91 | E | |
| 9-20-91 | ⑥④ Transcript of Motion to Suppress (Held 7-26-91) - 1 VOL ORIG ONLY (placed in separate folder) | | | | |
| 9-23-91 | *NOTE: Co-deft (Payne) filed Motion for Severance | [2] | 9-23-91 | R | |
| 9-23-91 | MINUTES: JURY TRIAL BEGAN: 67 Jurors present. 13 excused for cause. Trial to resume Tuesday, September 24, 1991 at 9:30 A.M. (Defts Edwards, Hunt, Bell & Warhurst by diversion. Stephen Smith - Motion to Sever -- GRANTED. Marvin McGuire indictment to be dismissed.) Fowkles for govt; Marty for deft. | | | | |
| 9-24-91 | MINUTES: JURY TRIAL RESUMED: Fowlkes for govt; Marty for deft. 54 jurors present; 5 cause; 21 challenged; 14 used; 14 in reserve. Trial to resume Wednesday, Sept. 25, 1991 at 10:30 A.M. | | | | |
| 9-25-91 | MINUTES: JURY TRIAL RESUMED: Fowlkes for govt; Marty for deft. 14 jurors present. Opening statements: Fowlkes; Archibald; Shankman· Marty; Durand; & Salky reserved making opening statements until close of govt's proof. Witness sworn. | | | | |
| 9-26-91 | MINUTES: JURY TRIAL RESUMED: Fowlkes for govt; Marty for deft. 14 jurors present. Continuation of testimony of witness. New witness sworn. Trial to resume TUESDAY, OCTOBER 1, 1991 at 9:30 A.M. | | | | |
| 9-26-91 | NOTE FROM THE JURY (Filed in Open Court) | | | | |
| 10-1-91 | NOTE FROM THE JURY (Filed in Open Court) | | | | |
| 10-1-91 | MINUTES: JURY TRIAL RESUMED: Fowlkes for govt; Marty for deft. 14 Juror present. Witness sworn. Trial to resume MONDAY, OCTOBER 7, 1991 at 9:30 A.M. | | | | |
| 10-7-91 | NOTE FROM THE JURY (Filed in Open Court) | | | | |
| 10-7-91 | MINUTES: JURY TRIAL RESUMED: Fowlkes for govt; Marty for deft. 14 Jurors present. Witnesses sworn. Trial to resume TUESDAY, OCTOBER 8, 1991 at 9:30 A.M. | | | | |
| 10-8-91 | NOTE FROM THE JURY (Filed in Open Court) | | | | |
| 10-8-91 | MINUTES: JURY TRIAL RESUMED: Fowlkes for govt; Marty for deft. Continuation of testimony of witnesses. Trial to resume WEDNESDAY, OCTOBER 9, 1991 at 9:30 A.M. | | | | |

Interval
(per Section)   Start Date   Ltr.  Total

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--------------------------|-----|-----|-----|-----|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 10-9-91 | **MINUTES:  JURY TRIAL RESUMED:**  Fowkles for govt;  Marty for deft.  14 Jurors present.  Witnesses sworn.  Trial to resume THURSDAY, OCTOBER 10, 1991 at 9:30 A.M. | | | | |
| 10-10-91 | **MINUTES:  JURY TRIAL RESUMED:**  Fowlkes for govt;  Marty for deft.  Witness sworn out-of-presence of Jury.  Motion re witness's testimony argued – denied.  Jurors to court-room.  Witness sworn.  Govt rested.  All defts moved for Judgment of Acquittal — argued.  Court made an Oral Ruling that there was a conspiracy and denied all motions.  Court reserved the right to put ruling in writing at a later date. Opening statment by Salky.  Witnesses sworn.  Trial to resume TUESDAY, OCTOBER 15, 1991 at 1:45 p.m.  Attys to return at 10:30 A.M. same date. | | | | |
| 10-16-91 | NOTE FROM THE JURY (Filed 10-15-91) | | | | |
| 10-15-91 | **MINUTES:  JURY TRIAL RESUMED:**  14 Jurors present.  Beame rested.  Payne's witness sworn.  Jury excused for the day. Shankman argued Motion re: testimony.  Trial to resume WEDNESDAY, OCT 16, 1991 at 9:30 A.M. | | | | |
| 10-17-91 | TRANSCRIPT FORM, 6CA-33, MAILED TO THE COURT OF APPEALS W/copies of Notice of Appeal and Motion to Suppress ATTACHED | | | | |
| 10-17-91 | SPECIAL JURY INSTRUCTIONS ON BEHALF OF DEFT, STEVE ROSS | | | | |
| 10-18-91 | ORDER (DENIED – Special Jury Instructions) CHJ, USA, USM, PROB, PT, OB, & ATTY MARTY. | | | | |
| 10-16-91 | **MINUTES:  JURY TRIAL SWORN:**  Court denied Shankman's motion. 14 Jurors present.  Coleman rested.  Rebuttal witness sworn. All proof concluded.  All defts renewed Motions for Judgment of Acquittal.  Court denied all motions.  Court & attys discussed charge.  Closing arguments – Fowlkes, Salky, Marty & Durand.  Trial to resume THURSDAY, OCT. 17, 1991 at 9:30 A.M. | | | | |
| 10-17-91 | NOTE FROM THE JURY (Filed in Open Court 10-17-91) | | | | |
| 10-17-91 | NOTE FROM THE JURY (Filed in Open Court 10-17-91) | | | | |
| 10-17-91 | **MINUTES:  JURY TRIAL RESUMED:**  14 Jurors present.  Closing arguments – Archibald; Shankman & Fowlkes.  Charge given Jury.  Juror Goldstein excused and 1st alternate took his place.  Jury began deliberation and left at 5:30p.m. to resume deliberations FRIDAY, OCT. 18, 1991 at 9:30 A.M. | | | | |
| 10-21-91 | NOTE FROM THE JURY (Filed 10-21-91) | | | | |

Interval   Start Date.   Ltr. Total
Iner Source   M M

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET   *U. S. vs*

AO 256A ●

ROSS, Steven aka "Woody"

90-20280-H
Yr. | Docket No. | Def.

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|------|-------------------------|------|
|      | (Document No.) | (a) \| (b) \| (c) \| (d) |
| 10-21-91 | NOTE FROM THE JURY (Filed 10-18-91) | |
| 10-21-91 | NOTE FROM THE JURY (Filed 10-21-91) | |
| 10-21-91 | NOTE FROM THE JURY – Filed 10-21-91 | |
| 10-21-91 | MINUTES: Jury made partial returns:  Coleman [Cts 9, 10 & 11 – NOT GUILTY] Ross [Cts 1, 4, & 5 GUILTY Ct. 6 NOT GUILTY[ Payne [Ct. 1 GUILTY]  Court read additional charge to jury.  Fowkles moved to take Payne into custody. Court to review pretrial report.  Court ruled that Payne be taken into custody. | |
| 10-22-91 | NOTE FROM THE JURY – Filed 10-22-91 | |
| 10-22-91 | MINUTES:  All parties present.  Jury announced they had reached a decision on 2 charges but could not agree on the remaining 5 charges.  The jury announced the following additional verdicts:  Beame [NOT GUILTY –Ct. 1] Ross [GUILTY Ct. 2] Court declared a mistrial with respect to the remaining 5 charges.  Salky made a motion to preserve the jury notes for an *en camera* inspection.  Judge Gibbons directed the Clerk to collect all of the jurors notes and preserve them until Judge Horton returns and can rule on Salky's motion. | |
| 10-22-91 69 | VERDICT – GUILTY as to Cts 1, 2, 4 & 5; NOT GUILTY as to Ct. 6 | |
| 10-22-91 70 | EXHIBIT AND WITNESS LIST | |
| NOV 18 1991 72 | ORDER ON JURY VERDICT (Per above minutes:  Cts. 1,2,4, & 5 Guilty; Ct. 6 Not Guilty) CHJ, USA, USM, PROB, PT, OB & mailed Atty Marty | |
| 12/6/91 | ORDER FROM COA...appeal DISMISSED (motion to suppress filed 11/19/91; issued as MANDATE 12/11/91 | 0 bc |
| JAN 0 8 1992 | SENTENCING SET FOR *Monday*, *1* ≡ *27* ≡ *92* AT *10 30 am* | |
| 1-10-92 76 | POSITION OF THE UNITED STATES | |
| 1-27-92 | MINUTES:  Sentencing reset for Friday, February 7, 1992 at 10:30 a.m. | |
| J...1992 | SENTENCING SET FOR *Friday*, *2* ≡ *7* ≡ *92* AT *10 30 a* | |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 2-3-92 | 77 OBJECTION TO PRE- SENTENCE REPORT FILED ON BEHALF OF STEVEN ROSS | | | | |
| 2-7-92 | MINUTES: DISPOSITION: Fowkles for govt; Marty for deft. Bryan Chambers sworn. Court gave credit of 2 pts for acceptance of responsbility. SENTENCE – Counts 1, 2, 4, & 5 – 188 mos ea ct to run conc followed by 5 yrs Super Rel. No Fine. S.A. applies. Appeal forms handed atty. Court found the deft indigent and appted Marty for appeal. | | | | |
| FEB ... | 79 JUDGMENT IN A CRIMINAL CASE (per above minutes) CHJ, USA, USM-4, PROB-2, PT, OB, ELEC COMM, COLL & ATTY MARTY | | | | |
| 2-18-92 | 81 NOTICE OF APPEAL | | | | |
| 2-19-92 | TRANSCRIPT ORDER (Motion to Suppress – July 25, 1991) | | | | |
| 3/18/92 | MAILED TO COA...Notice of Appeal; Judgment;Trans. Form & cpy of docket entries....handed USA & mailed same to MARTY | | | | |
| 6/18/92 | 86 TRANSCRIPT...9 Vols. (orig)...of trial 9/23/91 | bc | | | |
| 7-23-92 | MAR RET ON J & C – exec. 6-24-92 | | | | |
| 8/18/92 | MAILED TO COA...Record (2 vols pl; 17 vols trans.) w/cys of trans. form & docket sheets handed USA & mailed atty of record same | bc | | | |
| 8/20/92 | 8 RECEIVED PRESENTENCE REPORT | bc | | | |
| 8/20/92 | MAILED PRESENTENCE REPORT TO COA...as supplement to orig. record | bc | | | |
| 10-18-93 | 92 ORDER (filed 9/22/93; issued as mandate 10/14/93) from 6th Circuit COA affirming district court. | | | | |
| 05/04/01 | 93 APPEAL ORDER (entered 5/2/01) denying motion for an order authorizing the district court to consider his second or successive motion to vacate sentence. | | | | |
| 12-13-01 | 94- Retrieval of Exh. Lte mailed. vm | | | | |
| 10-8-04 | 95 PROB 22: ORDER OF TRANSFER OF JURISDICTION. Ordered that jurisdiction of the probationer or supervised releasee be transferred to SD/FL. | | | | |

Interval (per Section)   Start Date   Ltr. Total